Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission *v.* Franconia Township, Appellant. Philadelphia Electric Company, Intervening Appellee.

Argued September 10, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Philip R. Detwiler,* with him *Butera & Detwiler,* for appellant.

*R. Knickerbocker Smith, Jr.,* Assistant Counsel, with him *Edward Munce,* Assistant Counsel, and *Peter W. Brown,* Counsel, for appellee.

*Donald Blanken,* Assistant General Counsel, with him *Edward G. Bauer, Jr.,* General Counsel, for intervening appellee.

OPINION BY JUDGE KRAMER, January 6, 1976:

This is an appeal by Franconia Township from an order of the Pennsylvania Public Utility Commission which granted a certificate of public convenience to the Philadelphia Electric Company. The certificate, which was granted pursuant to Section 202(a) of the Public Utility Law,[1] authorized the Company to begin to offer, render, furnish or supply electric service in certain additional territory, including part of Franconia.[2] We con-

---

1. Act of May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1122(a).

2. The Section 202(a) certificate of public convenience was necessary for the Company to construct a transmission line from

clude that there is no controversy between the parties concerning the public need for the proposed service in the additional territory, and, therefore, affirm.

Both in the proceedings below and in this appeal, Franconia has challenged the location of the transmission line proposed by the Company. Franconia has mistaken the nature of this case. This is not a transmission route alignment case[3] in which the Company is seeking PUC approval of its right to exercise its power of eminent domain pursuant to Section 322 of the Business Corporation Law.[4] This case does not involve approval by the Commission of a specific location for the Company's proposed transmission line. If Franconia wishes to challenge the location of the proposed transmission line, it must do so in a different proceeding.

The only question before the PUC in this case was whether the proposed service in the additional territory was "necessary or proper for the service, accommodation, convenience, or safety of the public."[5] Franconia admits that the proposed service in the additional territory is necessary for the service of the public and, thus, concedes the validity of the PUC's decision.

We therefore

ORDER

AND NOW, this 6th day of January, 1976, the order of the Pennsylvania Public Utility Commission, dated January 20, 1975, granting a certificate of public convenience to the Philadelphia Electric Company, is hereby affirmed.

---

a proposed substation, across the additional territory, to the substation of a neighboring power company.

3. *See Commonwealth of Pennsylvania, Department of Environmental Resources v. Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission*, 18 Pa. Commonwealth Ct. 558 335 A. 2d 860 (1975).

4. Act of May 5, 1933, P.L. 364, *as amended*, 15 P.S. §1322.

5. Section 203 of the Public Utility Law, 66 P.S. §1123.